UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

WESLEY J. CRAWFORD,

                Petitioner,

       v.

SCOTT P. FISHER,

                Respondent.

Civil No. 12-0799 (MJD/JJG)


**REPORT AND
RECOMMENDATION**

_____

    This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  (Doc. No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

    In 2002, Petitioner was convicted in the United States District Court for the Western District of Texas for possession with intent to distribute 50 grams or more of cocaine base.  He was sentenced to twenty years in federal prison, and he is currently

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner's conviction and sentence have been reviewed and upheld on many occasions during the past ten years.  His legal challenges have been repeatedly rejected in both the trial court and the Fifth Circuit Court of Appeals.[2]  Petitioner has also attempted to challenge the legality of his conviction in at least two previous § 2241 habeas corpus actions – one brought in the Western District of Texas, (Crawford v. Maye, No. A-09-CA-470 SS, (W.D.Tex. 2009), 2009 WL 1940134), and one that was just recently brought in this District, (Crawford v. Fisher, No. 12-447 (MJD/JJG)).

Both of Petitioner's previous § 2241 petitions were summarily rejected, because a federal prisoner normally cannot challenge the legality of his underlying conviction or sentence in a § 2241 habeas corpus proceeding.[3]  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

Even though Petitioner has twice been informed that he cannot challenge his conviction and sentence in a § 2241 habeas corpus proceeding, he is now trying again to do just that.  He presently claims that his criminal conviction should be vacated

---

[2]  The record for Petitioner's criminal case in the Western District of Texas, (United States v. Crawford, No. 5:00-cr-625-FB-2), is available to this Court by means of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary.

[3]  Petitioner's previous § 2241 challenge to his conviction and sentence in this District, (in Civil No. 12-447 (MJD/JJG)), was rejected by this Court's Report and Recommendation dated March 5, 2012.  That Report and Recommendation is still pending before the District Court Judge at this time.

because (1) he did not have "an opportunity for allocution" prior to entry of the amended judgment of conviction, and (2) he was not represented by counsel when the amended judgment of conviction was entered.   (Petition, [Doc. No. 1], p. 3, § (9).)   Those claims cannot be considered on the merits here.

## II.    DISCUSSION

The docket sheet for Petitioner's criminal case, (see n. 2, supra), shows that his sentencing occurred on October 4, 2002.   He was sentenced to twenty years in prison and ten years of supervised released based on his conviction on Count 2 of a superceding indictment.   Judgment was not entered until November 5, 2002.   On November 14, 2002, the Government filed a motion asking the trial court to correct an error in the original judgment.   The following day, (November 15, 2002), the Court filed an amended judgment, which, according to the docket sheet, deleted the second sentence on page one of the judgment.

The docket sheet does not show the content of the deleted second sentence of the original judgment.   However, Petitioner has not suggested that the amendment to the judgment in his criminal case had any material effect on his conviction or sentence. Under both the original judgment and the amended judgment, Petitioner was convicted on Count 2 of the superceding indictment, and he was sentenced to twenty years in prison and ten years of supervised release.   Thus, it clearly appears that the amended judgment merely corrected a clerical error, and affected no substantive change to Petitioner's conviction or sentence.

More importantly, the amended judgment was the operative judgment that was before the Fifth Circuit Court of Appeals in Petitioner's direct appeal, (United States v.

<u>Crawford</u>, 81 Fed.Appx. 480 (5th Cir. 2003)), and in all of Petitioner's many subsequent post-conviction proceedings – including his initial motion for relief under 28 U.S.C. § 2255.[4]   Thus, Petitioner's current claims for relief were fully known, (or at least fully knowable), when his criminal case was before the Fifth Circuit on direct appeal, and when his case was before the trial court on his initial § 2255 motion.

As the Court explained to Petitioner in his last habeas corpus case,[5] a federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"   <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per</u> <u>curiam</u>), <u>quoting</u> 28 U.S.C. § 2255.   <u>See also</u> <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983) (<u>per</u> <u>curiam</u>) (same).   The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (<u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004)), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a

---

[4]   The docket sheet in Petitioner's criminal case shows that he filed a § 2255 motion in the trial court in May 2004, and the motion was denied in August 2004. Petitioner attempted to appeal the trial court's ruling on the motion, but he was denied a Certificate of Appealability, which is required by 28 U.S.C. § 2253.   Some of Petitioner's other post-conviction proceedings are summarized in this Court's previous Report and Recommendation in <u>Crawford v. Fisher</u>, Civil No. 12-447 (MJD/JJG), (Doc. No. 4).

[5]   <u>See</u> <u>Crawford v. Fisher</u>, Civil No. 12-447(MJD/JJG) (Report and Recommendation dated March 5, 2012, [Doc. No. 4]).

fundamental defect in his conviction or sentence because the law changed after his first

2255 motion."   In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).   Section 2255 is

not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or

sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to

present his claim beforehand."   Abdullah, 392 F.3d at 963.

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255

savings clause, because he had a reasonable opportunity to raise his current claims for

relief in his direct appeal, and in his initial § 2255 motion.   Petitioner has cited no new

law, and he has presented no new evidence, that was previously unavailable to him.

The claims raised in the current petition were fully presentable in Petitioner's direct

appeal, or in his initial post-conviction motion.   Petitioner cannot claim that § 2255 is

"inadequate or ineffective" simply because he failed to raise his current claims for relief

on direct appeal or in his § 2255 motion.   See Hill, 349 F.3d at 1092 (§ 2255 is not an

inadequate or ineffective remedy where the petitioner had at least two prior

opportunities to raise his claims before filing his § 2241 petition).

As the Court of Appeals pointed out in Abdullah –

"[T]he Due Process Clause of our Constitution does not require that a
petitioner have more than one unobstructed procedural opportunity to
challenge his conviction.  'That does not mean he took the shot, or even
that he or his attorney recognized the shot was there for the taking.   All
the Constitution requires, if it requires that much, is that the procedural
opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable for

Petitioner's current claims, because he has not shown, (or even suggested), that his

claims could not have been raised before now.   Because Petitioner had an adequate

procedural opportunity to raise his current claims in the past, he is barred from bringing those claims in a new § 2241 habeas corpus petition at this time. See Abdullah, 392 F.3d at 963 ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier'"), (quoting Wolford, 177 F.3d at 1245).

## III.  CONCLUSION

Because the savings clause is not applicable here, Petitioner's current challenge to his conviction and sentence cannot be brought in a § 2241 habeas corpus petition, and this case, like Petitioner's previous § 2241 cases, must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Doc. No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

Finally, the Court notes that Petitioner has now tried at least three times to challenge the legality of his conviction or sentence in a § 2241 habeas corpus petition. Petitioner's repeated abuse of the remedy provided by § 2241 has become an

unacceptable burden on the federal courts.   Therefore, Petitioner is now forewarned that if he files another impermissible § 2241 habeas corpus petition in this District, the Court will recommend that he should be classified as a "restricted filer," and he should be barred from filing <u>any</u> future action in this District without pre-approval from a District Court Judge.[6]

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for leave to proceed in forma pauperis, (Doc. No. 2), be **DENIED**; and

2.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Doc. No. 1), be summarily **DISMISSED** for lack of jurisdiction.


Dated: May 11, 2012                                 _s/ Jeanne J. Graham_____
                                                                JEANNE J. GRAHAM
                                                                United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 4, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

[6]   The Court notes that Petitioner has already been sanctioned in the Western District of Texas because of his abusive filings in that District.   (<u>United States v. Crawford</u>, No. SA-00-CR-625(2)-FB, (W.D.Tex.) (Order dated February 28, 2012, [Doc. No. 316]), (imposing a sanction of $100.00 and directing the federal Bureau of Prisons to deduct this sanction from Petitioner's prison trust account).)